UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 186 |
| v. | ) | |
| | ) | Judge David H. Coar |
| STEPHEN WALTOWER | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully requests that the defendant's Motion to Suppress as Evidence the Items Seized in the Search of the Apartment at 161 N. Lamon, Chicago, Illinois, on September 7, 2007, be denied without a hearing. In support thereof, the government states as follows:

**I.      BACKGROUND**

On September 6, 2007, a Circuit Court of Cook County judge issued a search warrant[1] for the first floor and basement of 161 N. Lamon in Chicago ("the Premises"), which authorized the seizure of a black 9-millimeter handgun as evidence of the offense of unlawful use of a weapon by a felon. The warrant was supported by the sworn complaint of Chicago Police Officer David Greenwood and an informant, which stated that on or about September 3, 2007, the informant had seen defendant with a black 9-mm handgun in the basement of the Premises. On September 7, 2007, the day after the search warrant was issued, officers with the Chicago Police Department ("CPD") searched the first floor and basement of the Premises. When the officers arrived, they were met by defendant's girlfriend, Kimesia Gooden, who stated that she and defendant lived together at the

---

[1]The search warrant and underlying complaint are attached as Exhibit A.

Premises. Defendant was not at home during the search. The officers recovered the following items from a bedroom on the first floor of the Premises, which Gooden later told officers she and the defendant shared:

1. A loaded Glock Model 19, 9-millimeter caliber pistol, serial number GHP572, with nine rounds of 9-millimeter caliber bullets;
2. 221 baggies of substance in the form of crack cocaine that later tested positive for the presence of cocaine base and sodium bicarbonate;
3. A suspected drug ledger;
4. A scale and coffee mixer containing what appeared to be drug residue;
5. $640 in United States currency;
6. 37 rounds of various types of ammunition; and
7. Various documents and pieces of mail bearing the defendant's name.

Defendant now moves this Court for an order suppressing all of these items and prohibiting the government from relying on them as evidence at trial. *See generally* Def. Mot. For the reasons set forth below, defendant's motion to suppress should be denied.

## II.  ARGUMENT

**A.  Any request by defendant for a suppression hearing should be denied due to defendant's failure to provide supporting facts in his motion.**

Defendant's motion does not include an express request for a hearing on his motion to suppress. But to the extent defendant's motion can be construed as implicitly requesting a hearing, the government respectfully submits that this request should be denied because the defendant has not met his burden of establishing the necessity of a hearing. The defendant can sustain this burden "only upon the presentation of 'definite, specific, detailed, and nonconjectural' facts." *United States v. Rodriguez*, 69 F.3d 136, 141 (7th Cir. 1995) (internal quotations omitted). As set out in further detail below, defendant's suppression motion is devoid of any facts, let alone those of a "definite,

2

specific, detailed, and nonconjectural" nature, to support his claim that the search warrant was invalid. As such, defendant's implicit request for a hearing should be denied.

**B.     The search warrant complaint contained facts sufficient to support a finding of probable cause to search the Premises.**

The evidence defendant seeks to suppress was taken by CPD pursuant to a search warrant; therefore, defendant bears the burden of proving the illegality of that warrant. *United States v. Longmire,* 761 F.2d 411, 417 (7th Cir.1985) (citing 3 LaFave, Search and Seizure § 11.2, at 499 (2d ed. 1981)). A determination into whether the defendant has met that burden centers on "whether the judge who issued the warrant . . . acted on the basis of probable cause." *United States v. McIntire*, 516 F.3d 576, 578 (7th Cir. 2008). In addition, the issuing judge's conclusions are to be accorded "great deference," *see id.*, and the complaint is to be interpreted "in a practical, common sense manner." *United States v. Sidwell*, 440 F.3d 865, 868 (7th Cir. 2006) (internal quotations and citations omitted).

The complaint at issue in this case established probable cause to believe that a search of defendant's residence would uncover contraband or evidence of the crime of unlawful use of a weapon by a felon. The complaint consisted of Officer Greenwood's and the informant's sworn statements that the informant had met a black male, 5'8" and 160 pounds, named "Skeet" at the Premises who had a black semi-automatic handgun. *See* Compl. at 1-2. With this information, the officer used a CPD database to generate an IR picture of defendant, which the officer showed to the informant. *Id.* at 1. The informant viewed the picture and verified that the defendant was the person who on September 3, 2007, had shown him the gun in the basement of a brick, 2-flat building at 161 N. Lamon. *Id.* at 1-2. According to the informant, defendant led him to the basement, which was connected to the first floor apartment. *Id.* at 2. The informant further stated that once he and the

3

defendant were in the basement, the defendant went into a bedroom and came out with a black semi-automatic handgun that had an extended clip capable of holding additional 9-millimeter rounds. *Id.* According to the informant, the defendant told him the weapon was for protection. *Id.* Officer Greenwood stated that he showed the informant a picture from the Cook County Assessor's website of the Premises, which the informant positively identified as the place where defendant had showed him the gun in the basement. *Id.* In the complaint, Officer Greenwood also reported the results of a criminal background check of the defendant, which revealed a prior felony drug conviction. *Id.* at 1. Relying on this information, the judge issued a search warrant for the basement and first floor of the Premises and authorized the seizure of contraband or evidence of unlawful use of a weapon by a felon.

Defendant now attacks the validity of the search warrant on the basis that the complaint did not establish the informant's reliability. *See* Def. Mot. at 1-2. In considering defendant's position, the Court should note that the Seventh Circuit does not require "corroboration or a history of accurate information from the informant in question." *McIntire*, 516 F.3d at 579. Rather, inquiries into an informant's veracity and reliability "should be understood simply as closely intertwined issues that may usefully illuminate the commonsense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place." *Illinois v. Gates*, 462 U.S. 213, 230 (1983). Factors that lend themselves to a court's consideration of an informant's reliability and veracity are whether the informant: (1) possessed firsthand knowledge; (2) provided adequate details; (3) relayed information that was subsequently corroborated; and (4) testified at a probable cause hearing. *United States v. Olson*, 408 F.3d 366, 370 (7th Cir. 2005). Although no one factor is dispositive, *United States v. Brack*, 188 F.3d 748, 756 (7th Cir.1999), each factor is

present in this case, which buttresses the judge's probable cause finding.

To begin, the informant had first hand knowledge of the information he relayed to the judge because he was with the defendant in the basement of the Premises when defendant showed him the 9-millimeter handgun. From his personal interaction with the defendant, the informant was able to provide the issuing judge with the defendant's nickname and physical description, and the informant also provided details about the Premises, including its address, building type, and number of floors.

Because of the level of detail given by the informant, Officer Greenwood was able to corroborate the informant's statements. First, Officer Greenwood found defendant's picture in a CPD database, which the informant viewed and confirmed as the person he saw with the gun on September 3, 2007. Officer Greenwood also obtained a picture of the Premises based on the address supplied by the informant, which, upon viewing, the informant verified as the location of where he had seen the defendant with the gun. In light of the steps taken by Officer Greenwood, defendant's bare assertion that "[t]his does not meet the test of corroboration," is without merit. The informant also provided the judge information about the color and type of gun the defendant possessed, and described how the basement and first floor were connected as one apartment. The judge used these details to specify in the warrant the items to be seized and the scope of the location to be searched. The judge's probable cause determination was further aided by the fact that the informant appeared before him, thereby giving the judge the opportunity to vet the reliability and veracity of the informant's statements.

In sum, the validity of the search warrant in this case turns on whether the complaint set forth probable cause to believe that the items to be seized would be located at the premises. *McIntire*, 516 F.3d at 579. The facts and circumstances relied upon by the judge in making his probable cause

finding stemmed from an informant's account that he saw the defendant possess a 9-millimeter handgun at the Premises. As set forth above, the legitimacy of the judge's probable cause finding is underscored by the reliability and truthfulness of the informant's statements. Accordingly, the defendant's motion to suppress the evidence recovered pursuant to the valid search warrant should be denied.

**C.    Alternatively, the "good faith exception" to the exclusionary rule applies.**

Even if there had been a defect in the warrant, the instant search should be upheld under the "good faith" exception to the exclusionary rule. *See generally United States v. Leon*, 468 U.S. 897 (1984), discussed in *United States. v. Garey*, 329 F.3d 573, 576-77 (7th Cir. 2003). *Leon* recognized a good-faith exception to the exclusionary rule for instances in which law enforcement officers conduct a search with the objectively reasonable belief that the search is supported by a valid warrant. *See id.* at 922-23. This exception is inapplicable only if a warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* at 923, quoting *Brown v. Illinois*, 422 U.S. 590, 610-611 (1975). As detailed above, the search warrant in this case is adequately supported by probable cause. However, were the Court to determine that the issuing judge erred in his determination, the government respectfully submits that the officers conducting the search had an objectively reasonable belief that they were doing so pursuant to a valid warrant.

**III.     CONCLUSION**

For the reasons set forth above, the government requests that this Court deny the defendant's motion to suppress.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:  s/ Renai S. Rodney
RENAI S. RODNEY
Assistant United States Attorneys
219 South Dearborn Street
Chicago, Illinois  60604
(312) 353-4064

# CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS**

was served April 25, 2008, in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case filing pursuant to the District Court's Electronic Case Filing (ECF) system as to ECF filers.

                                                           By:  <u>s/ Renai S. Rodney</u>
                                                                  RENAI S. RODNEY
                                                                  Assistant United States Attorney
                                                                  219 S. Dearborn St.- 5th Floor
                                                                  Chicago, IL 60604
                                                                  312-353-4064