IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 08 CR 186 |
| v. | ) |
| | ) Judge David Coar |
| STEPHEN WALTOWER, Defendant. | ) |

DEFENDANT STEPHEN WALTOWER'S SUPPLEMENT TO MOTION TO SUPPRESS AS EVIDENCE THE ITEMS SEIZED IN THE SEARCH OF THE APARTMENT AT 161 N. LAMON, CHICAGO, ILLINOIS, ON SEPTEMBER 7, 3007

The defendant, by his Court appointed attorney, Ronald J. Clark, hereby supplements the Motion to suppress previously filed in this case. The Defendant states as follows:

1. The Defendant has filed a motion in which he seeks to suppress items seized pursuant to the execution of a search warrant by Chicago Police. The Court, in our last appearance asked the Defendant if he was seeking a hearing on this Motion. Counsel replied that he did not and persists in this position. This was a search with a warrant, and the Defendant is challenging the validity of the warrant and contending that the warrant was not issued on probable cause. The Court must consider, therefore, the four corners of the Complaint that sought the warrant, which was what the only thing on which the issuing Judge relied. The Court cannot go outside the Complaint and the Warrant. For this reason at this time, the Defendant is of the position that no hearing is necessary.

2. The Defendant is challenging the warrant on the basis of the lack on any allegations whatsoever as the reliability of the informant. The Government argues that under current law (*United States v. McIntire, 516 F. 3d 576 (Seventh Cir. 2007)),* the reliability of the informant requirement of *Aguilar*

has been eliminated. To the contrary, while the test now seems to be the totality of the circumstances, the reliability of the informant is nonetheless a major factor. According to the Complaint, an "informant" walked into the police station and told Officer that he had seen someone in an apartment with a gun. There is no indication whatsoever that this so called "informant" had ever given this officer or any other officer in the past any sort of information. The affidavit says nothing about the history of the informant. In fact a reading of the Complaint in which Officer Greenwood states, "On 06 September 2007, I met an individual..." (The informant) would suggest that the Officer had no history with this person.

3. Contrary to the Government's assertion, there is no indication on the face of the warrant that anyone testified before Circuit Court of Cook County Judge Nick Ford, the Judge issuing the warrant. To the contrary, the face of the warrant expressly states that while the informant was present with Officer Greenwood, only Officer Greenwood swore to the Complaint and that the Judge relied upon the allegations in the Complaint and not "testimony." The "Complainant" who swore to the Complaint is Officer Greenwood. No where is there evidence that the so called informant was sworn or signed of testified of for that matter said anything. Judge Ford states on the warrant, "Upon examination of the complaint, I find that it states facts sufficient to show probable cause."

4. The Officer in his affidavit does say that he pulled up a picture of the Defendant and a picture of the property from the Recorders Website and showed them to the informant who said that was the Defendant and that was

the place he had seen the gun, but that is suspect. Why would someone apparently simply walk into a police station and say what he is alleged to have said. This is not credible and is the reason why courts have required a showing of the reliability of the informant. In *Mcintyre,* the informant testified and drove around in the car with the complaining officer in order to corroborate what he had observed. Here the only description of the location is of the inside, a description that certainly is in no way confirmed by the aerial photo on the Recorder's (Assessor) website.

5. There was no probable cause for the issuance of a warrant in this case. The fruits of this search should be suppressed for use as evidence by the Government.

                                                           Respectfully submitted,

                                                           _____
                                                           Ronald J. Clark, Attorney for Defendant

Ronald J. Clark  
Attorney for Stephen Waltower  
820 West Jackson Blvd  
Suite 300  
Chicago, Illinois 60604  
312-307-0061