IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 08-CR-186 |
| | ) | |
| STEPHEN WALTOWER, | ) | Honorable David H. Coar |
| *Defendant*. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Before this Court is Defendant Stephen Waltower's ("Defendant") motion to suppress. Defendant does not seek a hearing on the motion. For the reasons stated below, Defendant's motion to suppress is DENIED.

**I.      Background**

On September 6, 2007, a Circuit Court of Cook County judge issued a search warrant for the first floor and basement of 161 N. Lamon Ave. in Chicago, authorizing the seizure of a black 9-millimeter handgun, ammunition, and documents related to residency. The warrant was supported by the sworn complaint ("the Complaint") of Chicago Police Office David Greenwood and a confidential informant.

According to the Complaint, on September 6, the informant contacted Officer Greenwood and other members of Project Safe Neighborhoods with information about an encounter with an individual known as "Skeet." The informant said that on or about September

3, 2007, he had met "Skeet" at the residence located at 161 N. Lamon Ave. He described "Skeet" as a male African American, five feet and eight inches tall, and 160 pounds. The informant was let into a bedroom in the basement of the building, and stated that the basement and first floor together composed a single apartment. "Skeet" showed the informant a black semiautomatic handgun with an extended magazine capable of holding additional 9 millimeter rounds, and explained that the weapon was for protection. "Skeet" then returned the weapon to the bedroom.

The Complaint further noted that Officer Greenwood used the Chicago Police Department ("CPD") database to generate a picture of Defendant, which the informant viewed and identified as "Skeet," and that a criminal background check revealed that Defendant had a prior felony drug conviction. Officer Greenwood also showed the informant a picture from the Cook County Assessor's website of 161 N. Lamon Ave., which the informant positively identified as the location where his encounter took place. Upon examining the Complaint, Circuit Court of Cook County Judge Nick Ford issued the warrant.

On September 7, 2007, CPD officers executed the warrant and recovered the following items from a bedroom on the first floor:

> 1. A loaded Glock Model 19, 9-millimeter caliber pistol, serial number GHP572, with nine rounds of 9 millimeter caliber bullets;
>
> 2. 221 baggies of substance in the form of crack cocaine that later tested positive for the presence of cocaine base and sodium bicarbonate;
>
> 3. a suspected drug ledger;
>
> 4. a scale and coffee mixer containing what appeared to be drug residue;
>
> 5. $640 in United States currency;

6. 37 rounds of various types of ammunition; and

7. Various documents and pieces of mail bearing the Defendant's name.

Defendant now moves this Court for an order suppressing all of these items and prohibiting the government from relying upon them as evidence at trial.

**II.     Analysis**

Defendant argues that the search warrant was not supported by probable cause because: (1) only Officer Greenwood swore to the complaint; (2) there was insufficient evidence of the informant's credibility because there is no indication that this informant had given any information to police officers in the past; and (3) Officer Greenwood did not submit enough evidence to the issuing judge to corroborate the informant's testimony. Defendant's first argument is patently incorrect, as it clearly states on the search warrant that both Officer Greenwood and "John Doe" subscribed and swore to the complaint. As such, this Court will only consider Defendant's remaining arguments. Because the evidence that Defendant seeks to suppress was obtained by CPD pursuant to a search warrant, Defendant bears the burden of proving the warrant's illegality. *United States v. Longmire,* 761 F.2d 411, 417 (7th Cir. 1985).

An issuing judge's "determination of probable cause should be paid great deference by reviewing courts," *Illinois v. Gates,* 462 U.S. 213, 236 (1983) (internal citation omitted). An issuing judge "must consider the totality of circumstances" in deciding whether probable cause exists. *United States v. Brack*, 188 F.3d 748, 755 (7th Cir. 1999) (citing *Gates*, 462 U.S. at 238). When a search warrant is based on a tip from a confidential informant, the informant's credibility is an important component in determining whether the warrant was supported by probable cause. *See United States v. Olson,* 408 F.3d 366, 370 (7th Cir. 2005). To assess that credibility, the

3

Seventh Circuit does not require "a history of accurate information from the informant in question." *United States v. McIntire,* 516 F.3d 576, 579 (7th Cir.2008). Rather, this Court considers whether the informant: (1) had firsthand knowledge; (2) provided sufficient details; (3) relayed information which was subsequently corroborated; and (4) testified at a probable cause hearing. *Id.* However, "[n]o one factor is dispositive…Each is simply a relevant consideration in the totality of circumstances analysis." *United States v. Brack,* 188 F.3d 748, 756 (7th Cir. 1999). Regardless, every factor is met here.

According to the complaint, the informant hand firsthand knowledge that Defendant possessed the weapon at issue because Defendant had shown it to him. Furthermore, the informant was able to give a detailed physical description of the Defendant, the weapon, and the layout of the premises at 161 N. Lamon Ave. He also provided the Defendant's nickname and the address of the premises. Therefore, he was able to adequately describe his encounter with the Defendant. Furthermore, based on the informant's description of the Plaintiff and his whereabouts, Officer Greenwood was able to obtain a picture of both the Defendant and 161 N. Lamon Ave, which the informant positively identified. Finally, the face of the warrant indicates that both the informant and Officer Greenwood were present before Judge Ford. In sum, Judge Ford had an adequate basis for determining that the informant's testimony was credible and constituted probable cause.

Finally, even if the warrant had not been supported by probable cause, the instant search would fall under the "good faith" exception to the exclusionary rule. *See generally United States v. Leon,* 468 U.S. 897 (1984), discussed in *United States v. Garey,* 329 F.3d 573, 576-77 (7th Cir. 2003). *Leon* established a good-faith exception to the exclusionary rule when law enforcement officers conduct a search with the objectively reasonable belief that the search is

4

supported by a valid warrant. *See id.* at 922-23. This exception applies unless a warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. *Id.* at 923, quoting *Brown v. Illinois,* 422 U.S. 590, 610-611 (1975). As reasoned above, the instant search warrant was supported by probable cause. The officers therefore executed the warrant good faith, and the evidence obtained is not subject to the exclusionary rule.

### III. Conclusion

For the foregoing reasons, Defendant's motion to suppress is DENIED.

Enter:

/s/ David H. Coar

_____
David H. Coar
United States District Judge

Dated: **June 1, 2009**